NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHNA GOLDSACK,<br><br>        Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. a/k/a WALMART SUPERCENTER, *et al.*,<br><br>        Defendants. | Case No. 16-cv-5354 (SDW)(LDW)<br><br>**OPINION**<br><br>September 7, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant Wal-Mart Stores, Inc. a/k/a Walmart Supercenter's ("Defendant" or "Walmart") Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendant's Motion for Summary Judgment is **GRANTED**.

  **I.**  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this "slip-and-fall" tort action against Walmart on August 15, 2016 in the Superior Court of New Jersey, Law Division: Hudson County. (*See generally* Compl., ECF No. 1, Ex. A.) Plaintiff alleges that on July 3, 2015, she slipped and fell on a puddle of water while walking in Walmart's store in Secaucus, New Jersey. (*Id.* ¶ 1; Def.'s Statement of Undisputed Material Facts ("Def.'s SMF") ¶ 1, ECF No. 39-2.) Plaintiff claims that Walmart breached a duty

1

of care owed to her, as Walmart's business invitee, by failing to monitor and maintain the floor of its store in Secaucus, New Jersey, which constituted negligence on the part of Walmart. (*See generally* Compl.) Plaintiff claims to have suffered serious injuries as a result of the fall, and now seeks to recover medical expenses, as well as damages. (*Id.*)

On September 1, 2016, Walmart removed this case to the United States District Court for the District of New Jersey on the basis of diversity jurisdiction, 28 U.S.C. § 1332, because Plaintiff is a New Jersey resident, Walmart is a Delaware corporation, and the amount in controversy exceeds $75,000.00. (Notice of Removal ¶¶ 3-4, 10-11, ECF No. 1.) Following a period of discovery, on November 7, 2016, a Stipulation and Order of Dismissal with prejudice was entered as to Defendant 300-400 Park Plaza Drive, Inc. (ECF Nos. 13-14.) On June 8, 2018, Walmart filed the instant Motion for Summary Judgment. (ECF No. 39.) Plaintiff filed her opposition on June 28, 2018, Defendant replied on July 9, 2018, and Plaintiff filed her sur-reply on July 17, 2018. (ECF Nos. 42-43, 45.)

## II. LEGAL STANDARD

Summary judgment should be granted if "the Court is satisfied that the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Ricco v. Walmart*, No. 12-1087, 2013 U.S. Dist. LEXIS 131651, at *7 (D.N.J. Sept. 13, 2013) (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *see also* Fed. R. Civ. P 56. The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp.*, 477 U.S. at 322-23. Once the moving party meets its initial burden, the burden then shifts to the nonmovant who "must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial." *Ricco*, 2013 U.S. Dist. LEXIS 131651, at *9 (citing *Celotex Corp.*, 477 U.S. at 324); *see also Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23.

## III. DISCUSSION

"A federal court sitting in diversity jurisdiction must apply the forum state's choice-of-law rules." *Bergen Beverage Distribs. LLC v. E. Distribs. I, Inc.*, No. 17-4735, 2017 U.S. Dist. LEXIS 194662, at *6 (D.N.J. Nov. 28, 2017) (citing *Curtiss-Wright Corp. v. Rodney Hunt Co., Inc.*, 1 F. Supp. 3d 277, 283 (D.N.J. 2014)). Thus, this Court will apply New Jersey law in analyzing Plaintiff's claim.

### A. Breach of Duty

In New Jersey, a plaintiff asserting a negligence claim "must establish that [the d]efendant breached a duty of reasonable care, which constituted a proximate cause of [the] plaintiff's injuries." *Layden v. Target Corp.*, No. 15-3467, 2018 U.S. Dist. LEXIS 106128, at *16 (D.N.J. June 25, 2018) (quoting *Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 745 (3d Cir. 1990)). In cases involving commercial properties, business owners owe to their business invitees a "duty to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." *Yazujian v. PetSmart*, No. 13-

6202, 2016 U.S. Dist. LEXIS 108303, at *22 (D.N.J. Aug. 16, 2016) (internal quotation marks omitted) (quoting *Nisivoccia v. Glass Gardens, Inc.*, 818 A.2d 314, 316 (N.J. 2003)). Generally, business owners are "not held liable for injuries when there is 'no actual or implied knowledge or notice, and no reasonable opportunity to discover' the dangerous condition on the premises." *Layden*, 2018 U.S. Dist. LEXIS 106128, at *17 (quoting *Brown v. Racquet Club of Bricktown*, 471 A.2d 25, 30 (N.J. 1984)). Thus, in order to establish a breach of duty as an element of a negligence claim, a plaintiff must prove "that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." *Prioleau v. Kentucky Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J. 2015) (quoting *Nisivoccia*, 818 A.2d at 316). "Constructive knowledge may be attributed where a plaintiff establishes that the defendant had the reasonable opportunity to discover and correct the defect." *Cozzens v. Wal-Mart Stores East, LP*, No. 14-7150, 2016 U.S. Dist. LEXIS 120327, at *7 (D.N.J. Sept. 6, 2016) (internal quotation marks and citations omitted). "Whether a reasonable opportunity to discover a defect existed will depend on both the character and duration of the defect." *Id*. (citing *Prioleau v. Kentucky Fried Chicken, Inc.*, 85 A.3d 1015, 1022 (N.J. Super. Ct. App. Div. 2014)).

Here, a review of the record indicates that Plaintiff cannot establish that Walmart had actual or constructive notice of the water on the floor. It is undisputed that Walmart did not have actual notice of the puddle. Thus, the issue is whether Walmart had constructive notice. At deposition, Plaintiff testified that she arrived at Walmart between 8:00 a.m. and 8:20 a.m. (Pl.'s Dep. 28:18-21, ECF No. 39-8.) Upon entering the store, Plaintiff "went right to the [sic] customer service." (*Id*. at 29:16-20.) After completing her transaction with customer service, Plaintiff walked back in the direction she initially came from, and slipped and fell on a puddle of water. (*Id*. at 31:11-23.) Given the short amount of time Plaintiff was in the store, her failure to notice any water on the floor when she passed the area on the way to the customer service counter, (*id*. at 31:17-23,

4

32:2-8), and the lack of evidence that the water was on the floor for a prolonged period of time, a reasonable jury could not find that Walmart had constructive notice of the water on its floor. *See, e.g.*, *Rodgers v. Supervalu, Inc.*, No. 16-3641, 2017 U.S. Dist. LEXIS 31907, at *9 (E.D. Pa. Mar. 6, 2017) (finding that plaintiff "offer[ed] no evidence suggesting that the puddle of water had been on the floor for a length of time sufficient to give defendant constructive notice"). Because Plaintiff cannot establish that Walmart had notice of the allegedly dangerous condition, Plaintiff cannot establish that Walmart breached its duty of care.

### B. Mode-of-Operation

Notwithstanding the above, under New Jersey's "mode-of-operation rule," a plaintiff is relieved from proving that the defendant had notice of the dangerous condition where "as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents." *Kelly v. Ruby Tuesday Rest.*, No. 12-2034, 2013 U.S. Dist. LEXIS 125261, at *7 (D.N.J. Sept. 3, 2013) (quoting *Nisivoccia*, 818 A.2d at 316). For example, in *Bozza v. Vornado, Inc.*, the New Jersey Supreme Court applied the mode-of-operation rule where the plaintiff slipped and fell on a sticky, slimy substance after having ordered a drink at the counter of a self-serve cafeteria. 200 A.2d 777, 779 (1964); *see also Wollerman v. Grand Union Stores, Inc.*, 221 A.2d 513 (1966) (applying the same doctrine where the plaintiff stepped on a string bean and fell to the ground while shopping in the vegetable section at the defendant's supermarket). In those circumstances, the burden shifts to the defendant, and "the [plaintiff-]business invitee receiv[es] an inference of negligence without having to prove that the [defendant-]business owner had actual or constructive notice of the dangerous condition that caused the accident." *Lenherr v. Morey Org., Inc.*, 153 F. Supp. 3d 662, 664 (D.N.J. 2015) (citing *Prioleau*, 122 A.3d at 330). However, this inference only applies when the plaintiff can "establish a connection between the allegedly dangerous business practice and the

5

identified cause of the plaintiff's injuries." *Layden*, 2018 U.S. Dist. LEXIS 106128, at *18 (citation omitted). "The [mode-of-operation] doctrine will not apply, however, where there is no evidence that 'the location in which [the] plaintiff's accident occurred . . . bears the slightest relationship to any self-service component of [the] defendant's business." *Landers v. Medford Fitness Ctr.*, No. A-2853-15T2, 2017 N.J. Super. Unpub. LEXIS 2110, at *7-8 (N.J. Super. Ct. App. Div. Aug. 17, 2017) (citations omitted).

Here, Plaintiff speculates that the "closest potential source" of the water was Walmart's self-service freezer for bagged ice. (Pl.'s Opp'n Br. at 8-9, ECF No. 42.) However, "[a]n inference [of negligence] can be drawn only from proved facts and cannot be based upon a foundation of pure conjecture, speculation, surmise or guess." *Layden*, 2018 U.S. Dist. LEXIS 106128, at *18-19 (quoting *Long v. Landy*, 171 A.2d 1, 7 (N.J. 1961)); *Prioleau*, 85 A.3d at 1027. Because Plaintiff is unable to identify the source of the puddle, she cannot demonstrate a nexus between Walmart's self-service freezer and her injuries. *See, e.g., Layden*, 2018 U.S. Dist. LEXIS 106128, at *20 (finding that plaintiff "cannot clearly identify the object that caused her fall, and without a clear description of what this object was and how it ended up on the floor, it cannot be connected to Defendant's mode of operation" (alterations in original, internal quotation marks omitted, and external citations omitted)).

Plaintiff has failed to establish either that Walmart had notice of the water on the floor prior to Plaintiff's fall or that she is entitled to an inference of negligence under the mode-of-operation rule. Thus, no genuine issue of material fact exists and summary judgment is granted.

## IV. CONCLUSION

For the reasons set forth above, Walmart's Motion for Summary Judgment is **GRANTED**. An appropriate order follows.

_/s/ Susan D. Wigenton_  
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:         Clerk  
cc:            Leda D. Wettre, U.S.M.J.  
                Parties